IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| **YESSICA M. RUIZ,** **Plaintiff** | * * * * | **Cause No. _____** |
| v. | * * | |
| **MCLANE COMPANY, INC.,** **Defendant** | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Yessica M. Ruiz, by and through her undersigned counsel, Kathleen French Dow of Buenger & Associates, hereby brings an action against Defendant McLane Company, Inc. (McLane) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. for discrimination based on sex, and subsequent wrongful termination of employment due to discrimination based on sex, and under the Americans with Disabilities Act of 1990 for discrimination based on disability and for wrongful termination based on disability.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§

1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff Yessica M. Ruiz's civil rights under Title VII, of the Civil Rights Act of 1964 , 42 U.S.C. §§ 2000e et seq.

2. Pleading further, this Court has jurisdiction over the action pursuant to 42 U.S.C. §§ 12102 et seq., as this action involves federal questions regarding discrimination against Plaintiff Yessica M. Ruiz on the basis of disability.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and alternatively pursuant to 42 U.S.C. § 12117 (a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff Yessica M. Ruiz attained the position of Selector II with McLane and was employed from October 21, 2011 to August 30, 2016 by McLane. At all relevant times, Ms. Ruiz met the definition of "employee" under all applicable statutes.

5. Defendant McLane Company, Inc. is a Texas Corporation with its principal executive office located at 2828 Industrial Blvd., Temple, Bell County, Texas, At all relevant times, Defendant met the definition of "employer" under Title VII, Section 2000e (b) and 42 U.S.C. § 12111 including employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## NATURE OF THE CLAIMS

6. This is an action for declaratory, injunctive, and monetary relief to redress Defendant's unlawful work environment and subsequent termination of employment, including discrimination against Plaintiff because of her gender and disability.

7. During Plaintiff's employment in 2016, she worked while pregnant. On or about February 10, 2016, she had a medical procedure related to the pregnancy. Her physician permitted her to return to work with restrictions, but Plaintiff was prohibited from returning to work by Defendant's human resource director, Carol Bennett, with the explanation that Defendant could not accommodate the restrictions. Plaintiff had her baby pre-term on July 13, 2016. Her physician imposed restrictions on her return to work for six weeks following the premature birth.

8. Again, Defendant's human resource director advised Plaintiff that Defendant could not accommodate the doctor's restrictions, and Plaintiff would need to apply for disability benefits to remain off of work for that length of time. Plaintiff obtained short term disability through her employer and when that elapsed, she was on long term disability for approximately two weeks and was released by her physician to return to work on or about August 26, 2016. She contacted Carol Bennett prior to that date, but did not receive a reply. She then contacted her supervisor and was given an appointment to return on August 30, 2016, purportedly to take a physical exam administered by Defendant. Instead, upon her arrival at the workplace, she was told to

re-apply for employment.

9. Defendant McLane's conduct was knowing, willful and showed a reckless disregard for the Plaintiff, which has caused and continues to cause Plaintiff Ruiz to suffer economic and non-economic damages, harm to her professional reputation as well as mental anguish and emotional distress.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory requirements, exhausted all administrative remedies with the Equal Employment Opportunity Commission, and has received a right to sue notice prior to filing this action. *See Exhibit 1*.

11. On September 13, 2016, Plaintiff filed her initial intake questionnaire with the Equal Employment Opportunity Commission. Pursuant to her questionnaire, her Charge of Discrimination was filed on March 31, 2017. The Plaintiff bears no fault as to the timing of the Charge of Discrimination as she timely initiated the process.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant as a Selector II at the time of her termination. She was first hired as a Selector II on or about October 21, 2011. Her pay and benefits increased with her longevity.

13. The Plaintiff's position required her to fulfill orders in a warehouse. The job ordinarily required standing and climbing and descending ladders.

14. The Plaintiff had three pregnancies during her term of employment. During the first, the baby arrived after 25 weeks and only survived for three days after birth. The second pregnancy ended after 12 weeks. Plaintiff's third pregnancy began in November of 2015. Because of her history, Plaintiff had a medical procedure in February of 2016 that was intended to prevent a premature delivery. Plaintiff was instructed by her doctor to have one week of bed rest and then she could return to work with restrictions which were faxed to Carol Bennett in Defendant's Human Resources department. After receiving the restrictions, Carol Bennett advised that Defendant could not accommodate the restrictions, and she told Plaintiff to apply for short and long term disability through her employment in order to return to work after the birth of her baby.

15. The Plaintiff applied for both forms of disability payment as instructed. Her baby arrived prematurely on July 13, 2016. The post-partum instructions given by Plaintiff's doctor released Plaintiff to return to work on or about August 26, 2016. As instructed by Carol Bennett, Plaintiff called her workplace to arrange to report to work. Carol Bennett did not return Plaintiff's phone call. Plaintiff succeeded in contacting her supervisor, Rick Dunn, and he told her to report on August 30, 2016, for a physical exam. Before the time scheduled for the exam, Rick Dunn sent her a message that, according to the department of human resources, Plaintiff had to complete a new application for employment. Plaintiff spoke on August 30, 2016, with Carol Bennett, who advised

Plaintiff that her application for long term disability resulted in the termination of her employment, so instead of returning to work, she was required to apply as a new hire.

FIRST CAUSE OF ACTION
SEX DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16. Paragraphs 1-15 are incorporated herein by reference.

17. Ms. Ruiz alleges that she was discriminated against on the basis of her sex. Ms. Ruiz carries the initial burden of proving a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

18. To state a prima facie case of sex discrimination under Title VII, the Plaintiff must show that: (a) she is a member of the protected class; (b) she was qualified for the position; (c) she suffered an adverse employment action; and (d) similarly situated employees outside the class were treated more favorably. *Paske v. Fitzgerald*, F 3d 977, 985 (5th Cir. 2015). Plaintiff alleges that she was treated differently because she was a woman.

19. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because she is female.

20. Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of 42 U.S.C. § 2000e-(2) (a).

**(a)     Member of a Protected Class**

21.     Specifically, Plaintiff alleges that she would not have been denied an

opportunity to work with restrictions, nor compelled to use disability benefits to remain off of work, and then constructively terminated had she been a man in her position. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the federally-protected rights of Plaintiff.

(b) **Qualified for the Position**

22. Ms. Ruiz was qualified for her position. She met the qualifications for hire. Additionally, Ms. Ruiz had received pay raises and benefits in the position.

(c) **Adverse Employment Action**

23. The adverse employment action in this case was actual or constructive termination by the Defendant, after Plaintiff complied with the demands of McLane to apply for disability benefits and remain away from the workplace. Defendant should not have compelled Plaintiff to use disability leave in connection with her pregnancy and related medical issues. Defendant knew or should have known that Plaintiff acted in accordance with its instructions, and Defendant failed to take prompt action to maintain her employment or restore her employment status.

(d) **Similarly Situated Employees Treated More Favorably**

24. The male employees were not subject to the discriminatory treatment that was forced upon Ms. Ruiz. Therefore, Ms. Ruiz was treated less favorably than male employees of the Defendant.

25. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

## SECOND CLAIM FOR RELIEF
Violation of the Americans with Disabilities Act

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if set forth in full herein.

27. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.49. Because pregnancy substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the ADA.

28. At all times material hereto, Plaintiff was an employee and Defendant her employer, were covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA),42 U.S.C. §12111(5)(a).

29. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2).

30. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC § 12111(8).

31. Plaintiff's pregnancy is a physical impairment that substantially limits one or more major life activities.

32. Plaintiff has a record of a physical impairment that substantially limits one or more major life activities.

33. Defendant was aware of Plaintiff's pregnancy.

34. Defendant regarded Plaintiff's pregnancy as a physical impairment that substantially limited one or more major life activities.

35. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to terminate her employment.

36. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

37. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

## ATTORNEY'S FEES & COSTS

39. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42, U.S.C. § 2000e-5 (k), and 42 U.S.C. § 12205.

## PRAYER

40. For these reasons, Plaintiff seeks judgment against Defendant for the following:

(a) Injunctive relief to stop and prevent unlawful employment practices;

(b) Injunctive relief to include reinstatement;

(c) Money damages, including but not limited to, back pay, front pay, and compensatory damages for Ms. Ruiz;

(d) Exemplary damages for Ms. Ruiz;

(e) Prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees.

(f) Reasonable attorney's fees incurred with this lawsuit with interest thereon; and

  (g)  Other damages and further relief as deemed just by this Court.

## JURY DEMAND

41. Plaintiff requests a trial by jury.

        Respectfully submitted,
        BUENGER & ASSOCIATES
        Attorneys at Law
        3203 Robinson Drive
        Waco, Texas 76706
        Telephone:  254-662-5888
        Fax:  254-662-6652
        Email: buengerlawfirm@gmail.com


        BY:_____
         KATHLEEN FRENCH DOW
         State Bar No. 07440300